UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VENUS BURNS,  )
 )
              Plaintiff, )
 )
vs. ) 06 C 0089
 )
ASSET ACCEPTANCE, LLC, )
 )
              Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on the motion of Defendant, Asset Acceptance, LLC ("Asset Acceptance"), to dismiss Counts III and IV of Plaintiff's, Venus Burns ("Burns"), first amended complaint. For the reasons set forth below, the motion is denied.

## BACKGROUND

The relevant facts are gleaned from the allegations set forth in Burns' first amended complaint, which, for present purposes, we are obligated to accept as true. In April 2004, Burns, an Illinois resident, applied for employment via the Internet with Asset Acceptance, a limited liability company organized under the laws of Delaware that regularly does business in Illinois. In that same month, Burns was invited to Asset

Acceptance's Chicago Office for an interview, was interviewed at the Chicago Office by Vida Rolic ("Rolic"), and filled out a written application. In June 2004, Asset Acceptance invited Burns back to the Chicago Office for a second interview, which was conducted via telephone with an employee of Asset Acceptance's Corporate Office located in Michigan. Rolic was also present at the second telephone interview. On approximately August 16, 2004, Asset Acceptance offered Burns employment at the Chicago Office. Burns advised Asset Acceptance that she accepted the offer and would resign from her current position of employment.

On August 23, 2004, Burns arrived for her first day of work at the Chicago Office. At approximately 8:30 a.m., Burns was presented with a number of documents to sign. Among the documents presented was an agreement entitled "Delinquent Accounts," which stated in pertinent part:

> If you have an account that has been purchased by Asset Acceptance LLC, Financial Credit LLC or Consumer Credit LLC, you must make arrangements to clear it up. Standard procedure is to tell your supervisor you have an account and make repayment arrangements. If you have run into some problems, please see Phil Allen immediately.

Burns signed the Delinquent Accounts form despite not being advised of it prior to the employment offer and her acceptance thereof. Subsequently, Burns was given and told to read an Employee Handbook, of which the Delinquent Accounts form was not a part. Burns was then sent out of the office for training, and did not return until approximately 4:00 p.m. that same day.

When Burns returned to the Chicago Office, she was informed that Asset Acceptance had checked her credit report, that adverse credit information had been discovered, and, consequently, that she was terminated effective immediately. Burns alleges that Asset Acceptance did not disclose that it was going to check her credit report and that she was unaware that any of her accounts had been purchased by Asset Acceptance LLC, Financial LLC or Consumer Credit LLC. Burns asked for time to make payment arrangements on any delinquent accounts discovered in her credit report, but her request was denied and she was required to return the Employee Handbook. Asset Acceptance did not provide Burns with a copy of her credit report at the time of her termination or a written description of her consumer rights.

On November 29, 2005, Burns filed a four count complaint in the Circuit Court of Cook County. The case was effectively removed to this court on January 1, 2006. On March 9, 2006, Burns filed her first amended complaint, which was comprised of four counts: Counts I and II allege violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681; Count III alleges a claim for Wrongful Termination/Promissory Estoppel; and Count IV alleges a claim for Wrongful Termination/Equitable Estoppel. Subsequently, on March 29, 2006, Asset Acceptance filed the instant Motion to Dismiss Counts III and IV of Burns' first amended complaint.

## LEGAL STANDARDS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, a court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). Further, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we turn to the instant Motion.

## DISCUSSION

As an initial matter, Asset Acceptance argues that Burns' disputed claims should be dismissed because the alleged employment agreement at the center of this dispute violates the statute of frauds, 740 ILCS § 80/1, which provides in relevant part that:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless

> the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

In Illinois, contracts of indefinite duration are presumed to be "at will." See McInerney, 176 Ill. 2d at 485, 223 Ill. Dec. 911, 680 N.E.2d 1347. Oral contracts for at will employment are outside the statute of frauds. Czapla v. Commerz Futures, LLC,114 F. Supp.2d 715, 720 (N.D. Ill. 2000); Lamaster v. Chicago and Northeast Ill. Dist. Council of Carpenters Apprentice and Trainee Program, 766 F. Supp. 1497, 1507-1508 (N.D.Ill. 1991).

The purported facts set forth in Burns' first amended complaint give rise to the presumption that an at will employment relationship was created. Although Burns asserts that the Delinquent Accounts form provided her the contractual right to remedy any delinquent accounts she had with Asset Acceptance LLC, Financial LLC or Consumer Credit LLC, she also posits that the alleged agreement of the parties was capable of being completed within one year because of its indefinite nature. There is nothing in the facts alleged, nor does Asset Acceptance present any meritorious argument, to cause us to deviate from that presumption that the employment relationship was indefinite in nature. Although the Delinquent Accounts form, as Burns alleges, may have created a minor limitation on Asset Acceptances' ability to

terminate her employment in a specific situation, it does not fundamentally change the indefinite nature of the relationship by providing that said employment was to last in excess of one year. Thus, the statute of frauds does not defeat Burns' asserted estoppel claims and, therefore, we turn to address whether Burns has properly alleged said claims.

*1. Wrongful Termination/Promissory Estoppel*

In order to sustain a claim of promissory estoppel, Burns must show that: (1) an unambiguous promise was made, (2) she relied on the promise, (3) said reliance on the promise was reasonable, and (4) she suffered a detriment. Pickus Constr. & Equip. v. Am. Overhead Door, 326 Ill. App. 3d 518, 523, 761 N.E.2d 356, 361 (2001). In laying out her promissory estoppel argument, Burns asserts that Asset Acceptance, by way of the Delinquent Accounts form, allegedly promised to afford her the opportunity to clear up any delinquent accounts she had with Asset Acceptance LLC, Financial Credit LLC or Consumer Credit LLC; that she foreseeably relied on said promise; and was consequently injured because she was left unemployed when she was terminated by Asset Acceptance. It is evident that Burns' allegations satisfy the liberal notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Whether or not Burns will actually be able to prove the elements of a promissory estoppel claim is a question for a later stage in this litigation.

## 2. Wrongful Termination/Equitable Estoppel

Turning to Burns' equitable estoppel claim, there is an initial dispute as to whether Illinois law affords a plaintiff such an affirmative cause of action. Illinois seems to be undecided on the issue, and, although it was previously thought that the doctrine of equitable estoppel only applied as a defense, Nationwide Mut. Ins. Co. v. Filos, 285 Ill. App. 3d 528, 673 N.E.2d 1099, 1103 (Ill. App. 1 Dist.1996), there have been a number of cases that have held otherwise. See, e.g., R.S. Bennett & Co. v. Econ. Mech. Indus., Inc., 606 F.2d 182, 189 (7th Cir. 1979) ("if the plaintiff chooses to do so it may also attempt to undertake the more difficult burden of showing equitable estoppel"); Carl A. Haas Auto. Imps., Inc. v. Lola Cars Ltd., 933 F. Supp. 1381, 1391 (N.D.Ill. 1996) ("Both equitable estoppel and fraud are theories of recovery . . ."); Gold v. Dubish, 193 Ill. App. 3d 339, 549 N.E.2d 660, 664 (Ill. App. Ct. 1989) (calling both equitable estoppel and promissory estoppel "theories of recovery"); Haeflinger v. City of Wood Dale, 129 Ill. App. 3d 674, 472 N.E.2d 1228, 1231 (Ill. App. Ct. 1984). Consequently, we decline to dismiss the matter on the notion that the action is unavailable.

In order to have adequately set forth a claim for equitable estoppel, Burns must have adequately alleged that: "(1) [Asset Acceptance] misrepresented or concealed material facts; (2) [Asset Acceptance] knew at the time [of making] the representations

that they were untrue; (3) [Burns] did not know that the representations were untrue when they were made and when they were acted upon; (4) [Asset Acceptance] intended or reasonably expected that [Burns] would act upon the representations; (5) [Burns] reasonably relied upon the representations in good faith to . . . her detriment; and (6) [Burns] would be prejudiced by . . . her reliance on the representations if [Asset Acceptance] is permitted to deny the truth thereof." Geddes v. Mill Creek Country Club, Inc., 196 Ill.2d 302, 314, 751 N.E.2d 1150, 1157 (Ill. 2001) (citing Vaughn v. Speaker, 126 Ill.2d 150, 162-63, 533 N.E.2d 885 (Ill. 1988). Asset Acceptance primary argument is that Burns' equitable estoppel claim fails to adequately allege that she reasonably relied on Asset Acceptance's representation to her detriment and, therefore, should be dismissed.

Turning to the allegations set forth in the first amended complaint, Burns alleges that Asset Acceptance's conduct reasonably induced her to quit her job and, at the time of said reliance, Asset Acceptance had actual or constructive knowledge of the delinquent account that resulted in her eventual termination, yet failed to disclose said information to Burns. Further, Burns submits that Asset Acceptance intended for her to rely on said representation, and that she did so in good faith. Finally, Burns alleges that she would be prejudiced by her reliance of the alleged reliance on the representations contained in the Delinquent Accounts form if Asset Acceptance is able

to deny the alleged truth thereof. Once again, under the liberal notice pleading standard, it is evident that Burns has adequately set forth not only the detrimental reliance element of an equitable estoppel cause of action, but all of the additional necessary elements. Asset Acceptance essentially requests that we make factual determinations in deciding the present motion. Such an inquiry would be improper at the present stage of the litigation and, consequently, dismissal of Burns' equitable estoppel claim is unwarranted.

## **CONCLUSION**

For the foregoing reasons, Asset Acceptance's motion to dismiss is denied.

         *Charles P. Kocoras*
_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   June 8, 2006